STATE OF MONTANA,
                    Plaintiff,                                    NO. CDC 95-389
           vs.                                                   DECISION
Vanessa T. Bahr,
                    Defendant.

On November 7, 1995, it was ordered that defendant is sentenced on the charge of Count I: Robbery, a Felony, to the Department of Corrections for ten (10) years. On the charge of Count II: Criminal Endangerment, a Felony, the Court sentences defendant to the Department of Corrections for ten (10) years. On the charge of Count III: Assault, a Felony, the Court sentences defendant to the Department of Corrections for ten (10) years. These sentences shall run concurrently. The Court adds an additional two (2) years to the sentence imposed herein for use of a weapon to run consecutively to Count I. Defendant shall not be eligible for parole for three (3) years from today's date. Defendant is given credit for the days already served, such credit to be applied at the

end of the sentence only. During any time of parole, the defendant shall be subject to conditions as stated in the November 7, 1995 judgment.

On August 22, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 22nd day of August, 1996.

DATED this 16th day of September, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**

The Sentence Review Board wishes to thank Vanessa T. Bahr for representing herself in this matter.